## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

ALEJANDRO GUTIERREZ and                                    **PLAINTIFFS**
AG VENTURES, LLC

v.                                          **CAUSE NO. _____**

COGSCREEN, LLC,
PSYCHOLOGICAL ASSESSMENT RESOURCES, INC.,
and GARY KAY                                               **DEFENDANTS**

### COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

COME NOW, Plaintiffs, Alejandro Gutierrez and AG Ventures LLC, and file this, their

Complaint for Declaratory Judgment and Damages, and in support would show this Honorable

Court, as follows:

### PARTIES

1. Alejandro Gutierrez ("Mr. Gutierrez") is an adult resident citizen of Shelby County,
   Tennessee.

2. AG Ventures, LLC ("AG") is a limited liability company organized and existing under
   the laws of the state of Mississippi with a principal place of business at 161 Lakeshore
   Dr., Madison, MS 39110. AG is the owner of the website www.readysettakeoff.com and
   the Cog Trainer found on the website.

3. CogScreen, LLC ("CogScreen") is a limited liability company organized and existing
   under the laws of the state of Florida, with a principal place of business at 200 Central
   Avenue, #1230, St. Petersburg, FL 33701. CogScreen has a designated agent for service
   of process in the state of Florida, Gary Kay, of the same address. CogScreen is a

1

purported owner of both the copyright of the CogScreen computer program and professional manual, as well as, the "COGSCREEN" federal trademark.

4. Psychological Assessment Resources, Inc. ("PAR") is a corporation organized and existing under the laws of the state of Florida, with a principal place of business at 16204 N. Florida Avenue, Lutz, FL 33549. PAR has a designated agent for service of process in the state of Florida, Bob Smith, located at 17408 Gunn Hwy., Odessa, FL 33556. PAR is a purported owner of the copyright of the CogScreen computer program and professional manual.

5. Gary Kay ("Kay") is an adult resident citizen of Pinellas County, Florida who resides at 104 31st Avenue, St. Pete Beach, FL 33706 and can be served with process of this Court at that address.

## JURISDICTION AND VENUE

6. The action for declaratory judgment arises under (i) the United States Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the "Copyright Act"); (ii) the Trademark Laws of the United States, 15 USC § 1051 et seq. (the "Trademark Act"); (iii) 15 U.S.C. §1125, et seq. (the "Lanham Act"); 18 U.S.C.A. § 1839 (the "Federal Defend Trade Secret Act"); and (iv) 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events giving rise to the claims at issue and a substantial part of property that is the subject of this action is situated, within the Western District of Tennessee.

## FACTUAL BACKGROUND

8.  As an airplane pilot, Mr. Gutierrez recognized a gap in preparatory resources for the standard testing undergone by commercial airline pilots who apply for positions with companies, such as Delta Airlines.

9.  As a result, on September 19, 2012, Mr. Gutierrez purchased www.readysettakeoff.com and began developing a preparatory program for pilot testing.

10. In or around the fall of 2015, Mr. Gutierrez began the development of the addition of a cognitive game/simulator ("Jet Brain Games") for www.readysettakeoff.com.

11. Mr. Gutierrez used a variety of publicly available resources when creating Jet Brain Games, but primarily based the game on examples and informative illustrations he purchased from kitdarby.com on December 23, 2015.

12. On December 22, 2015, Mr. Gutierrez posted the website development job request for the cognitive simulator at www.guru.com and received fourteen different bids for this project.

13. On December 23, 2015, Mr. Gutierrez accepted Interactive IDEAZ's bid to complete the cognitive simulator development.

14. On January 18, 2016, Mr. Gutierrez's company, AG Ventures LLC, executed a proposal and contract with Interactive IDEAZ for the final development of Jet Brain Games with an agreed completion date of no later than February 16, 2016.

15. Interactive IDEAZ delivered Jet Brain Games by the agreed completion date, and it became available on www.readysettakeoff.com on or about February 16, 2016.

16. On March 21, 2016, Mr. Gutierrez interviewed and received a conditional job offer for an airline pilot position with a courier delivery services company (the "employer").

17. On May 2, 2016, Mr. Gutierrez began INDOC training for his position with the employer.

18. Jet Brain Games was live on www.readysettakeoff.com before Mr. Gutierrez underwent CogScreen testing or was exposed to any associated materials.

19. Upon information and belief, in or around March of 2017, Kay contacted Mr. Gutierrez's employer with unfounded claims that Mr. Gutierrez's website infringes upon Kay's alleged copyright and trademark rights in the CogScreen testing.

20. The employer subsequently began an investigation of Mr. Gutierrez regarding Kay's claims, about which Mr. Gutierrez became aware when the employer hand delivered a Notice of Preliminary Hearing to him on March 23, 2017.

21. On March 24, 2017, the employer held a preliminary hearing to ostensibly investigate claims that Mr. Grutierrez "provid[ed] assistance to applicants for pilot positions at [the employer] and other airlines in which activity might be harmful to [the employer]" and that Mr. Gutierrez violated his written attestation "during the [employer] pilot hiring process that he would not copy, disclose or otherwise reveal questions or answers from the [employer crewmember testing process."

22. During this hearing, general counsel for the employer, Robert Tice, indicated that Kay had contacted him regarding similarities between CogScreen testing and Mr. Gutierrez's website and that "Dr. Kay has told me and he intends to take legal action against [Mr. Gutierrez] or [his] organization in order to protect his intellectual property." See, Taped Preliminary Hearing Transcript, page 25, lines 8-11, attached as Exhibit "A."

23. Mr. Tice went on to state that, "We have a right to find out what is going on if our employee is using a product that this businessman has told us is stolen property." See, Taped Preliminary Hearing Transcript, page 26, lines 1-3, attached as Exhibit "B."

24. Despite Mr. Gutierrez producing documentation to the employer that he created both www.readysettakeoff.com and Jet Brain Games before becoming employed with the employer and undergoing the CogScreen testing, the employer terminated Mr. Gutierrez's employment on May 26, 2017.

25. Mr. Gutierrez's termination from the employer was a direct result of Kay's interference in his business relationship with his employer.

26. On May 22, 2017, Mr. Gutierrez received correspondence dated May 15, 2017, from counsel for CogScreen and Kay claiming that Mr. Gutierrez's website infringes on their copyright and trademark rights and is a violation of the Federal Defend Trade Secret Act. This letter demands, among other things, that Mr. Gutierrez cease-and-desist from maintaining and offering the Cog Trainer on his website, remove the word "Cog" from his website, and provide an accounting website customers and profits. This letter threatens legal action against Mr. Gutierrez if he fails to comply with the demands of the Defendants. See, Exhibit "C," May 15, 2017 correspondence from counsel for Defendants to Mr. Gutierrez.

27. To ensure full protection of his intellectual property rights, Mr. Gutierrez filed an application for copyright registration with the United States Copyright Office for "Jet Brain Games" on May 31, 2016, and is awaiting the issuance of a registration.

## THE EXISTENCE OF AN ACTUAL CONTROVERSY

28. Plaintiffs (collectively "Mr. Gutierrez") incorporate by reference the foregoing allegations.

29. An actual controversy exists between Mr. Gutierrez and the Defendants relating to Mr. Gutierrez's ownership and use of Jet Brain Games in connection with his website, www.readysettakeoff.com.

30. Specifically, as set forth in the Preliminary Hearing Transcript and the correspondence from counsel  for Defendants, the Defendants claim that Mr. Gutierrez's continued use of Jet Brain Games and the word "Cog" on his website constitutes infringement of the Defendants' intellectual property rights. See, Exhibit "A"; Exhibit "C."

31. Defendants have threatened Mr. Gutierrez with legal action if Mr. Gutierrez fails to cease and desist use of Jet Brain Games, a program which is in instrumental part of www.readysettakeoff.com, if Mr. Gutierrez fails to submit to the demands of Defendants.

32. Mr. Gutierrez has a substantial investment in www.readysettakeoff.com and Jet Brain Games. The demands of Defendants, and threats of litigation against Mr. Gutierrez by the Defendants, currently subject Mr. Gutierrez to a real and reasonable apprehension that his continuing operation of his business will result in litigation by the Defendants against Mr. Gutierrez claiming infringement and related liability, which would disrupt Mr. Gutierrez's business operations and only source of income, after the Defendants caused Mr. Gutierrez's termination from his employer. Thus, Mr. Gutierrez has initiated this action for purposes of seeking declaratory relief and resolution concerning the Defendants' purported intellectual property rights in

## Count I — Declaratory Judgment
## Non-Infringement of Copyrights

33. Plaintiffs incorporate by reference the foregoing allegations.

34. Plaintiffs did not have access to the Defendants' CogScreen assessment at the time of or before the Plaintiffs created Jet Brain Games and made it available on their website.

35. Plaintiffs are entitled to a declaratory judgment that they are not infringing, have not infringed, and are not liable for infringing any valid copyright owned by CogScreen or Kay relating to the CogScreen testing program.

## Count II — Declaratory Judgment
## Non-Infringement of Trademark

36. Plaintiffs incorporate by reference the foregoing allegations.

37. Defendants allege that Plaintiff's use of the word "Cog" on his website in reference to "Cog Trainer" and "Cog Test" infringe upon the Defendants' federally registered trademark "COGSCREEN."

38. "Cog Trainer" and "Cog Test" are distinct in sound, appearance, and connotation as applied to their respective services from "COGSCREEN." Although all three employ the phrase "cog," "Cog Trainer" and "Cog Test" are distinct in appearance and connotation and distinguishable in sound, as well, to any ordinary observer from "COGSCREEN."

39. No reasonable likelihood of confusion, mistake, or error exists in the marketplace for persons of even the lowest perceptive capabilities who are seeking the CogScreen assessment and locate the Plaintiffs' Cog Trainer instead.

40. On information and belief, neither Plaintiffs nor Defendants knows of any single bona fide instance of confusion between "Cog Trainer" and "Cog Test" as they relate to pilot

7

preparatory testing resources and the "COGSCREEN" mark as it relates to the Defendants' assessment program.

41. Plaintiffs seek a judgment of this Court that Plaintiffs do not infringe upon any trademark rights of the Defendants through Plaintiff's use of the word "Cog," and that Defendants do not have any trademark rights in the word "Cog."

## Count III — Declaratory Judgment
## Non-Violation of Federal Defend Trade Secret Act

42. Plaintiffs incorporate by reference the foregoing allegations.

43. Defendants allege that Plaintiffs misappropriated trade secrets associated with the CogScreen assessment in violation of the Federal Defend Trade Secret Act.

44. Plaintiffs did not have access to the Defendants' CogScreen assessment at the time of or before the Plaintiffs created the Cog Trainer and Cog Game and made it available on their website.

45. Plaintiffs did not access the Defendants' CogScreen assessment by improper means including theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or any other means.

46. Plaintiffs seek a judgment of this Court that the Plaintiffs did not violate the Federal Defend Trade Secret Act by misappropriating CogScreen trade secrets.

## Count IV — Tortious Interference with a Business Relationship

47. Plaintiffs incorporate by reference the foregoing allegations.

48. Defendants intentionally and willfully interfered with Mr. Gutierrez employment and business relationship with his employer with the unlawful purpose of causing damage and loss to both Mr. Gutierrez's employment with his employer and to his website, www.readysettakeoff.com.

49. Defendants were aware of Mr. Gutierrez's employment and business relationship with his employer.

50. The conduct of Defendants in interfering with Mr. Gutierrez's economic relationship was intentional, willful and calculated to cause damage to his business relationship, employment, reputation, and ability to earn income.

51. As a direct and proximate result of Defendants' willful and improper conduct, Mr. Gutierrez was irreparably damaged through his loss of employment and wages.

### Count V — Inducement of Breach of Contract pursuant to T. C. A. § 47-50-109

52. Plaintiffs incorporate by reference the foregoing allegations.

53. Mr. Gutierrez had a valid employment agreement with his employer.

54. Defendants induced the Mr. Gutierrez's employer to refuse to perform under the employment agreement as a direct result of the Defendants' misrepresentations concerning alleged copyright and trademark infringement by Mr. Gutierrez.

55. As a result of Defendants' acts, Mr. Gutierrez has suffered loss income, future loss of income, attorney's fees, and other actual damages

### Count VI — Defamation

56. Plaintiffs incorporate by reference the foregoing allegations.

57. Defendants communicated statements to Mr. Gutierrez's employer that he was committing copyright and trademark infringement and allegedly "stole" their product.

58. Defendants' statements were clearly directed at Mr. Gutierrez.

59. The statements by Defendants as outlined above that Mr. Gutierrez was committing copyright and trademark infringement and allegedly "stole" their product were false and defamatory.

60. The defamatory nature of these statements is clear and unmistakable from the words themselves.

61. Defendants communicated these false statements to Mr. Gutierrez's employer with reckless disregard for the truth of the statement and/or with negligence in failing to ascertain the truth of the statement as the Defendants did not attempt to first contact Mr. Gutierrez regarding the alleged infringement.

62. The Defendants' statements caused damage to Mr. Gutierrez's character and reputation.

63. As a result of Defendants' acts, Mr. Gutierrez has suffered loss income, future loss of income, attorney's fees, and other actual damages.

WHEREFORE, Plaintiffs seek judgment against the Defendants as follows:

a) that the Plaintiffs do not infringe upon any copyrights of the Defendants through Plaintiffs' creation and use of the Cog Trainer and Cog Game program;

b) that the Plaintiffs do not infringe upon any trademark rights of the Defendants through Plaintiffs' use of the word "Cog," and that Defendants do not have any trademark rights in the word "Cog;"

c) that the Plaintiffs did not violate the Federal Defend Trade Secret Act by misappropriating trade secrets associated with the CogScreen assessment;

d) that the Defendants are liable for Tortious Interference with a Business Relationship and be required to pay all damages and costs and attorney's fees that the Plaintiffs have suffered by reason of the Defendants' unlawful acts set forth herein,

e) that the Defendants are liable for Inducement of Breach of Contract pursuant to T. C. A. § 47-50-109 and be required to pay all damages and costs and attorney's

fees that the Plaintiffs have suffered by reason of the Defendants' unlawful acts set forth herein,

f)   that the Defendants be required to pay to Plaintiffs treble damages in an amount to be determined by this Court for the Defendants' violation of T. C. A. § 47-50-109, as pled above;

g)   that the Defendants are liable for defamation and be required to pay all damages and costs and attorney's fees that the Plaintiffs have suffered by reason of the Defendants' unlawful acts set forth herein,

h)   that the Defendant be required to pay to Plaintiffs punitive damages in an amount to be determined by this Court for the Defendants' deliberate and willful acts, as pled above;

i)   that the Plaintiffs have and recover costs in this suit, including reasonable attorneys' fees and expenses; and

j)   that the Plaintiffs be awarded all such other and further relief this Court deems just and proper.

**<u>Demand for Jury Trial</u>**

Plaintiffs demand trial by a jury on all issues set forth in this Complaint.

RESPECTFULLY SUBMITTED, this the 1st day of June, 2017.

**McNABB, BRAGORGOS,**
**BURGESS & SORIN, PLLC**


s/  *Nicholas E. Bragorgos*
NICHOLAS E. BRAGORGOS #12000
Attorney for Plaintiffs
81 Monroe Avenue, 6th Floor
Memphis, TN 38103
Telephone:  (901) 624-0640
Fax:  (901) 624-0650
nbragorgos@mbbslaw.com


OF COUNSEL:

Stephan L. McDavid
McDavid & Associates, PC
1109 Van Buren Avenue
P.O. Box 1113
Oxford, MS 38655
Phone: (662)-218-8300
Fax:  (662)-218-8353
smcdavid@mcdavidlaw.com
*Counsel for Plaintiffs*